*148 The opinion of the Court was delivered by
Dunkin, Ch.
All the grounds of appeal, except the last, seem sufficiently answered by the decree of the Chancellor. The fourth and last ground is founded on a misapprehension. The implied contract for contribution between co-sureties is entirely different, from the contract between the creditor and the principal debtor, or the creditor and the sureties. As between the creditor and a surety the liability maybe discharged, and yet the right to contribution against the same suréty on the part of his co-sureties may remain. This is well illustrated by Lord Eldon in Ex parte Gifford, 6 Ves. 805.
The right, of the co-surety to contribution is not founded upon' any original contract; but arises out of a principle of equity that, when one surety has paid the debt of the principal for which all were equally bound, he shall have a right to call upon his co-sureties to re-imburse him for what he has paid beyond his proportionate share. A question has sometimes arisen whether the surety may call on his co-sureties before he has paid the entire debt, but no such question is here presented. In Davies vs. Humphreys, 6 M. and W. 152, the subject is fully discussed by Baron Parke, and it is there ruled that the cause of action of the surety against his co-surety, arises, not when the cause of abtion of the creditor against the principal or sureties arises, but when the surety has paid the debt, or more than his proportion thereof, and that the Statute of Limitations, as between him and his co-sureties, commences to run from that time. In this case, Knotts, the plaintiff, filed his bill for contribution on the same day that he paid the debt to the Bank.
It is ordered and decreed that the appeal be dismissed.
Dargan & Wardlaw, CC., concurred.

Appeal dismissed.